# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Carole Joseph, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:20-cv-1910-TMC |
| v. ) | |
| ) | **ORDER** |
| ) | |
| Chad F. Wolf, *Acting Secretary* ) | |
| *Department of Homeland Security*, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Carole Joseph, proceeding *pro se* and *in forma pauperis*, filed this action pursuant Title VII of the Civil Rights Act of 1964 ("Title VII"). (ECF No. 1). Plaintiff alleges that on December 9, 2017, she was "terminated due to race and sex" from her employment with the Department of Homeland Security. *Id*. at 5. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. The magistrate judge issued proper form orders on June 4, 2020 (ECF No. 8), July 21, 2020, (ECF No. 14), August 21, 2020, (ECF No. 25), and September 29, 2020 (ECF No. 30), affording Plaintiff numerous opportunities to correct specified deficiencies and bring the case into proper form, and warning Plaintiff that the failure to do so could result in the dismissal of her case. Finally, on November 2, 2020, the

1

magistrate judge entered an order noting that Plaintiff's case was subject to summary dismissal because the complaint "contains only a vague and conclusory allegation that her termination was based upon her race and sex" and "provides no factual allegations" to support her claims. (ECF No. 34). The magistrate judge gave Plaintiff one last opportunity "to correct the defects in her complaint identified above by filing an amended complaint within 14 days" and warned that if Plaintiff failed to cure the deficiencies the magistrate judge would "recommend to the district court that the claims be dismissed with prejudice and without leave for further amendment." *Id*. at 3–4. The November 2nd order was sent via U.S. mail on the same date to Plaintiff at the address she provided the court. (ECF No. 35). Plaintiff, however, did not filed an amended complaint or otherwise attempt to cure the deficiencies identified by the magistrate judge.

On December 2, 2020, the magistrate judge issued a Report and Recommendation ("Report"), recommending that the court dismiss Plaintiff's complaint with prejudice and without issuance and service of process. (ECF No. 38). Specifically, the magistrate judge concluded that Plaintiff's action was subject to summary dismissal under 28 U.S.C. § 1915 because the complaint contains no factual assertions to support her claim but "only a vague and conclusory allegation that her termination was based upon her race and sex." *Id*. at 2–3. And, in light of the numerous orders directing Plaintiff to bring the case into proper form and cure

the deficiencies, the Report further recommends that the court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. *Id*. at 3. The Report was mailed to Plaintiff at the address she provided to the court. (ECF No. 40). Plaintiff was advised of her right to file specific objections to the Report, (ECF No. 38 at 5), but failed to do so. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*,

3

103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court finds that Plaintiff's case is subject to dismissal for the reasons set forth in the Report. Accordingly, the court **ADOPTS** the Report (ECF No. 38), which is incorporated herein, and this case is **DISMISSED with prejudice** and without issuance and service of process. The clerk of court shall provide a filed copy of this order to Plaintiff at her last known address.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

January 13, 2021
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.